AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 111(b) – Assault on a federal employee with a deadly or dangerous weapon; 18 U.S.C. § 922(g)(1) – Felon in possession of a firearm

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Maximum 20 years' imprisonment; maximum $250,000 fine; maximum 3 years' supervised release; $100 special assessment; forfeiture (Class C felony); maximum 10 years' imprisonment; maximum $250,000 fine; maximum 3 years' supervised release; $100 special assessment; forfeiture (Class C felony).

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**
Jovan Zachary

DISTRICT COURT NUMBER
4:21-mj-72012-MAG

FILED
DEC 17 2021
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
United States Postal Inspection Service

☒ person is awaiting trial in another Federal or State Court, give name of court
Alameda County

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   Stephanie M. Hinds
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Benjamin K. Kleinman

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☒ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
on state charges in Alameda County

Has detainer been filed? ☐ Yes ☐ No   If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: 

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>JOVAN ZACHARY,<br><br>Defendant(s) | Case No.   4:21-mj-72012-MAG |

**FILED**
DEC 17 2021
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 20, 2021__ in the county of __Alameda County__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(b)<br>18 U.S.C. § 922(g)(1) | Assault on a federal employee with a deadly or dangerous weapon; maximum 20 years' imprisonment; maximum $250,000 fine; maximum 3 years' supervised release; $100 special assessment; forfeiture (Class C felony).<br>Felon in possession of a firearm; maximum 10 years' imprisonment; maximum $250,000 fine; maximum 3 years' supervised release; $100 special assessment; forfeiture (Class C felony). |

This criminal complaint is based on these facts:

See attached affidavit of USPIS Inspector Jason Chung.

☑ Continued on the attached sheet.

Approved as to form *Benjamin Kleinman*
AUSA Benjamin Kleinman

*Jason Chung* /s/
Complainant's signature

Jason Chung, Inspector
Printed name and title

Sworn to before me by telephone.

Date: December 17, 2021

City and state: Oakland, California

Judge's signature

Hon. Donna M. Ryu, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Jason Chung, Postal Inspector with the United States Postal Inspection Service (hereinafter, USPIS), being duly sworn state:

## I. INTRODUCTION

1. I make this affidavit in support of the application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Jovan Zachary (hereinafter, ZACHARY) for assault on a federal employee with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(b) on or about October 20, 2021 in the Northern District of California, and 18 U.S.C. § 922(g)(1), felon in possession of a firearm, on or about and between October 20, 2021 and October 23, 2021 in the Northern District of California.

## II. SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal laws identified above have occurred. Further, my understanding of the significance of certain events and facts may change as the investigation progresses.

3. I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, information provided by reports of other law enforcement officers, information provided by photographic evidence, and information provided by records and databases. I believe these sources to be reliable. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also

reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds. My experience and training as an USPIS Inspector and my participation in this investigation form the basis of the opinions and conclusions set forth below.

### III.   AFFIANT BACKGROUND

4.   I have been a duly authorized Postal Inspector since January 2004 with the United States Postal Inspection Service, the federal law enforcement arm of the United States Postal Service (hereinafter, USPS). I am currently assigned to the San Francisco Division, Richmond, California as a member of the Major Crimes team since October 2020. My prior assignments included Contraband Interdiction and Investigations and Mail Theft, where I conducted a variety of investigations involving crimes including mail theft, identity theft, narcotics trafficking, money laundering, assaults, threats, and armed robberies related to the USPS and its employees, infrastructure, customers, and the mail. As part of my training and experience, I received twelve weeks of Basic Inspector Training in investigative techniques from USPIS at the Career Development Division located in Potomac, Maryland, and one week of Prohibitive Mailing Narcotics Training. Additionally, in the course of assisting in past investigations, I have spoken with other Postal Inspectors who have substantial experience related to investigating crimes that threaten the U.S. Mail system.

### IV.   APPLICABLE LAW

5.   18 U.S.C. § 111(b), assault on a federal employee with a deadly or dangerous weapon, prohibits a person from (1) forcibly assaulting a federal employee, (2) while that federal employee was engaged in, or on account of, that employee's official duties, and (3) a dangerous or deadly weapon was used.

6.  18 U.S.C. § 922(g)(1), felon in possession of a firearm, prohibits a person from (1) knowingly possessing a firearm, (2) that has been shipped or transported from one state or another, or between a foreign nation and the United States, (3) at the time the person possessed the firearm, they had been convicted of a crime punishable by imprisonment for a term exceeding one year, and (4) at the time the person possessed the firearm, they knew that they had been convicted of a crime punishable by imprisonment exceeding one year.

## V.  STATEMENT OF PROBABLE CAUSE

7.  On or about October 20, 2021, shortly before 1:00 p.m., a USPS letter carrier (hereinafter, V1), was performing his official duties in a postal delivery vehicle clearly marked *United States Postal Service*, delivering mail in and around the 2300 block of Humboldt Street, Oakland, California. V1 was wearing the distinctive blue USPS letter carrier uniform and hat with numerous USPS patches. V1 was outside his vehicle when he observed the person, later identified as Jovan ZACHARY, approach him. V1 had seen ZACHARY a few minutes before riding a bicycle, but he no longer had the bicycle with him and approached V1 on foot. V1 described the perpetrator as a black male, in his 30s, wearing all black clothing, and noted that he had a skinny build and was about 5'5" tall and 170 lbs. In an interview with USPIS that same day, V1 described the assailant as a black man, around 30 years old, approximately 5'6", with an average build and a darker complexion with a black face covering, black hoodie, and black pants. V1 observed ZACHARY holding something in his pocket as he approached. V1 became concerned for his safety and ran towards his mail van and got inside. ZACHARY continued towards V1, pulled open the passenger side door, and pointed a black pistol at him. ZACHARY then took a blue mail carrier bag containing a yellow poncho, rubber bands and other miscellaneous items. V1 does not believe there was any mail in the bag. V1 began driving away while yelling for neighbors to call the police. V1 observed ZACHARY walk away.

8. A witness, who called 911, stated that she saw a black male riding a bicycle back and forth in front of her residence, and she felt that he was suspicious as he kept looking at her. W1 observed the person later identified as ZACHARY enter a mail truck that was parked in the 2300 block of Humboldt Avenue. She saw him taking a blue bag from inside the truck and heard the mailman inside the truck yelling at her to call the police. The perpetrator fled on his bicycle and then abandoned it. She observed ZACHARY turn northbound onto Bartlett Street. She described him as a black male, 25 years old, 5'02" - 5'03", and wearing a black ski mask, a black hoodie with white lettering on the front, and black pants, which may have been sweatpants.

9. On October 23, 2021, at approximately 2:00am, an individual (hereinafter, V2) unrelated to the USPS letter carrier, ran out of gas while driving and began to push his vehicle to the area of 69th Avenue and Hawley Street, Oakland, California. While at that intersection, ZACHARY, wearing a black and blue hoodie, approached V2 and eventually asked if the car would start, which V2 stated it would, but it was out of gas. ZACHARY asked if he could try to start the car, which he was then able to do. ZACHARY then retrieved a black handgun and pointed it at V2. ZACHARY then placed the handgun to V2's stomach. ZACHARY subsequently drove away, but the car broke down and V2 ran after the car. ZACHARY pushed the vehicle, with the help of another bystander, to 845 66th Avenue (Mobil Gas Station). V2 followed ZACHARY to the gas station and told the attendant not to sell ZACHARY gas because ZACHARY had stolen the vehicle from him. ZACHARY, while holding the handgun, punched V2 in the face with his fist and then hit him again with the handgun. V2 yelled for the gas station attendant to 911, which he did. OPD arrived at the gas station. ZACHARY, who was first observed in the driver's side seat of the vehicle, attempted to flee. As ZACHARY exited the vehicle, OPD observed him holding a black handgun. ZACHARY attempted to flee on foot and tossed the handgun, which was recovered. The firearm ZACHARY tossed was a black, Springfield Armory XD-9 (serial number AT199173), semiautomatic 9mm handgun. ZACHARY was arrested, a show-up was conducted, and V2 positively identified ZACHARY during the show-up. No ammunition was loaded in the firearm when it was recovered.

10. OPD conducted a searched of the vehicle and located a Nike hoodie, which was blue and black in color, matching the initial description V2 provided. OPD also recovered a black, Champion brand hoodie with blue lettering with a white outline across the chest. Inside the front pocket of the Champion hoodie were multiple envelopes of unopened mail. None of the envelopes had ZACHARY'S name on them.

11. OPD recovered 13 pieces of mail, 3 of which were from the 2337 Bartlett Street, Oakland, CA, which is the area where the armed robbery of V1 occurred. ZACHARY also had four debit cards with different people's names on them.

12. Following ZACHARY'S arrest, I Mirandized and interviewed ZACHARY, who confessed to the gunpoint robbery of V1 three days earlier. Some of ZACHARY'S pertinent statements include, "He was doing his route. I identified him, and I saw him." Zachary indicated that he wanted to grab V1's keys. ZACHARY further states, "I went up to him. I wasn't going to take the whole truck. I was going to take the mail that was in there from what I saw. I was going to grab everything and look for certain pieces of individual mail." ZACHARY also stated, "I was on a bike. I rode the bike. I stopped. Got off the bike and came back on foot. He was getting in his car, I think. What I was trying to accomplish – it didn't work – I was trying to get his set - his bag. Because if you dress up as a mailman it keeps the investigators out because nobody knows what you really are. They think you work for postal. We were 'tuggling' with the satchel. Rubber bands and keys came out. . . . I wasn't going to make a career out of this. I knew it was federal." ZACHARY also stated, "I brandished a firearm that wasn't even, wasn't even have a clip in it. [ZACHARY is shown two pictures of the firearm recovered from the October 23, 2021 carjacking and he confirms that this is the gun he used]. Yeah – It doesn't even work." When informed that the make of the handgun was Springfield Armory, Zachary responded with the model, "XD-9." ZACHARY stated, "My main objective was to get the keys and the satchel." ZACHARY also stated, "I got the bag and keys. I got on the bike and rode off. The bike started to fuck up, that's why I left the bike. I went to the last house on the corner. I hit the fence." ZACHARY described stealing mail as he walked and recalled, "I probably grabbed like two mail

letters off a house." Zachary admitted this mail was recovered by OPD. When describing the handgun, ZACHARY stated, "It only shot one time." When asked if he meant the handgun would shoot only once before jamming, ZACHARY answered, "Yes, it's exactly what it would do." I note that, according to V1, no keys were stolen or missing.

13. While the video surveillance does not capture the incident and is not clear enough for an identification, it does match ZACHARY's statement in that it shows a black male matching ZACHARY's description and wearing the clothing V1 and W1 described, first riding a bike and then jumping over the fence. Furthermore, the bicycle was recovered in the place ZACHARY said it was, and it was broken, which further corroborates ZACHARY and W1's statement.

14. I consulted with a Bureau of Alcohol, Tobacco, and Firearms ("ATF") nexus expert who informed me that the firearm was manufactured outside the state of California and therefore must have crossed state lines to be later found within California.

15. I reviewed ZACHARY'S criminal history and on May 8, 2018, ZACHARY was convicted of felon in possession of a firearm, pursuant to 18 USC § 922(g)(1), in Nevada, and he was sentenced to 36 months incarceration. Therefore, ZACHARY knew he had been convicted of a crime with a punishment of imprisonment greater than one year.

//
//
//
//
//

## VI. CONCLUSION

16. Based upon my participation in this investigation and the information summarized above, I have probable cause to believe that on or about October 20, 2021, ZACHARY committed a violation of 18 U.S.C. § 111(b), and on or about and between October 20, 2021 and October 23, 2021, ZACHARY committed a violation of 18 U.S.C. § 922(g)(1), both of which occurred within the Northern District of California.

Respectfully Submitted,

/s/ *Jason Chung*
JASON CHUNG
United States Postal Inspector
United States Postal Inspection Service

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 17 day of December 2021.

THE HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE